IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIAN ACHIM, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: 1:10-cv-03867 |
| | ) | |
| ADLER SCHOOL OF PROFESSIONAL | ) | |
| PSYCHOLOGY, | ) | |
| an Illinois corporation, | ) | JURY DEMANDED |
|     Defendant. | ) | |

_____

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, DR. JULIAN ACHIM, (hereinafter referred to as "Plaintiff" or "DR. ACHIM"), by and through his attorneys, ANTHONY J. PERAICA & ASSOCIATES, LTD, and for his Complaint against the Defendant, ADLER SCHOOL OF PROFESSIONAL PSYCHOLOGY, (hereinafter referred to as "Defendant"), an Illinois not-for-profit corporation, alleges and states as follows:

**NATURE OF CLAIMS**

1.    Plaintiff brings this action to remedy discrimination in violation of the American with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. ("ADA") and for breach of contract. Plaintiff seeks legal and equitable relief, including, but not limited to, rehiring and adjustment of seniority records, lost pay and benefits, compensatory and punitive damages, interest, and attorney's fees.

1

**JURISDICTION AND VENUE**

2.  Jurisdiction of this court is invoked pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331, and supplemental jurisdiction, 28 U.S.C. § 1367. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3.  The actions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**PARTIES**

4.  Plaintiff DR. ACHIM is a male citizen of the United States and currently is a resident of Palatine, Illinois. Plaintiff DR. ACHIM has been diagnosed with Follicular Lymphoma (Non-Hodgkin's Lymphoma), a form of cancer of the white blood cells.

5.  Defendant is an Illinois not-for-profit corporation, organized under the laws of the State of Illinois, and engaged in the business of providing education to its duly enrolled students, with campuses located in Chicago, Illinois and Vancouver, British Columbia.

6.  Plaintiff DR. ACHIM was at all relevant times employed by Defendant and at all relevant times worked for the Defendant in the State of Illinois under their authority and control.

**PROCEDURAL REQUIREMENTS**

7.  DR. ACHIM has fulfilled all conditions precedent to the institution of this action, under the ADA. DR. ACHIM timely filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission and has received a Right to Sue letter (for discrimination based on disability). The Right to Sue letter, and the delivery information for said letter, are attached hereto and made part hereof as Exhibit "A".

**FACTUAL BACKGROUND**

8. Plaintiff began his employment with Defendant on or about May of 2009.

9. At all times throughout the course of his employment, Plaintiff performed his job to the satisfaction of his employer and beyond.

10. Plaintiff is widely regarded by both his peers and students as a skilled and hardworking professor, with his student reviews having been consistently excellent.

11. Plaintiff's initial and most recently held position with the Defendant, at the time of discharge, was as a Professor employed by the Defendant.

12. In or around September of 2009, Plaintiff was informed by his supervisor, Dr. Peter Liu, that Plaintiff would be teaching the online Life Span Development course (hereinafter referred to as "Course Number 623-C"), a ten week course in the Spring 2010 semester.

13. In preparation for teaching Course Number 623-C, Plaintiff met with Mr. Don Sorsa (Director of Online Learning for Defendant), Mr. Russell Bishor, and Mr. Jerry Westermeyer, to discuss the best approach for the upcoming course, and Plaintiff submitted a syllabus to Defendant for the course. Plaintiff also met several times with Mr. Peter Liu to discuss the teaching of Course Number 623-C. Furthermore, Plaintiff was informed by Mr. Don Sorsa via e-mail on November 30, 2009 that Plaintiff would be teaching the course in the Spring 2010 semester. Additionally, Plaintiff met with Dr. Peter Liu to discuss the designing and then teaching of a new online course (Course Number 510) in 2010. In preparation for teaching Course Number 510, Plaintiff reviewed and recommended textbooks, prepared a course outline, and reviewed extensive materials related to said course.

14. On December 29, 2009, Plaintiff signed a Teaching Agreement with Defendant to teach Course Number 623-C in the Spring 2010 semester, and mailed it to Defendant. The Teaching Agreement is attached hereto and made part hereof as Exhibit "B".

15. In or around December of 2009, Plaintiff informed Dr. Peter Liu and Dr. Josefina Alvarez that he was having health issues, and that he would be undergoing medical testing as a result thereof.

16. Course Number 623-C started on January 4, 2010, and Plaintiff began teaching said course online via daily logins and interactions with students as of the course start date.

17. In or around January 6, 2010, Plaintiff was diagnosed with Follicular Non-Hodgkin's Lymphoma.

18. On January 6, 2010, Plaintiff informed Dr. Peter Liu of his Follicular Lymphoma diagnosis, and Plaintiff informed Dr. Peter Liu that he would need to begin chemotherapy. Plaintiff also advised Dr. Peter Liu that since his overall health was still fair, and since the chemotherapy would take place on an outpatient basis once every twenty-one days, it would not interfere with Plaintiff's teaching of Course Number 623-C, in addition to the fact that since Course Number 623-C was an online course, it could be taught from remote locations.

19. It is noteworthy to mention that Plaintiff had been teaching without interruption online courses at a separate university since October 2009, and he continues to teach online courses at that same university. Plaintiff's health and treatment was never an issue with this other university, and he continues to receive very high evaluations from students and the university, just as he had received from Adler prior to his termination.

20. On or around January 7, 2010, Plaintiff discovered that his Adler e-mail account was terminated, without being given any notice of such termination, and without being giving any explanation for such termination.

21. On or around January 8, 2010, Plaintiff became aware that he was denied access to "Moodle", the online system where Course Number 623-C was being taught. Once again, no prior notice or explanation for such denial of access was offered by the Defendant.

22. In or around January 8, 2010, Plaintiff was informed by one of his students that Course Number 623-C, which Plaintiff was contacted to teach in the Spring 2010 semester, was assigned to another professor, even though Plaintiff had already prepared for and began to teach the course.

23. On January 14, 2010, as part of an ongoing e-mail discussion between Dr. Wendy Paszkiewicz (Associate Vice President of Academic Affairs for Defendant) and Plaintiff, Dr. Paszkiewicz stated that Plaintiff was not asked to teach Course Number 623-C.

24. Additionally, on January 28, 2010, in an e-mail from Mr. Jeffrey Green (Vice President of Finance Information Technology for Defendant) to Plaintiff, Mr. Green denied the fact that Plaintiff was under contract for Course Number 623-C by specifically stating that Defendant did not offer Plaintiff a contract for the Spring Term, despite the existence of the Teaching Agreement that is attached hereto as Exhibit B.

**COUNT I – VIOLATION OF ADA**
**(Discrimination Based Upon Disability)**

1-24. Plaintiff realleges Paragraphs 1-24 of the previous sections of the Complaint as Paragraphs 1-24 of this Count I.

5

25. Based on information and belief, Plaintiff was selected for termination based on his diagnosis of Follicular Lymphoma (Non-Hodgkin's Lymphoma).

26. Based on information and belief, Plaintiff was wrongfully terminated from employment with the Defendant based on his diagnosis of Follicular Lymphoma (Non-Hodgkin's Lymphoma).

27. Based on information and belief, Plaintiff's wrongful termination constituted and was the result of discrimination based upon disability by the Defendant, in violation of the ADA.

28. Plaintiff has exhausted his administrative remedies, by filing an underlying Charge of Discrimination on February 25, 2010 with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") on the basis of disability discrimination (Agency Charge Number 440-2010-02534), whereupon the EEOC issued a right to sue letter.

29. The Defendant's wrongful termination of the Plaintiff's employment caused Plaintiff to suffer a loss of wages and other compensation.

30. The Defendant's wrongful termination of the Plaintiff's employment caused Plaintiff great mental anguish, humiliation, anxiety, and other emotional and psychological distress.

31. Plaintiff is entitled to the recovery of compensatory and punitive damages in the sum of one hundred and fifty thousand dollars ($150,000.00).

WHEREFORE, Plaintiff asks that judgment be entered against Defendant as follows:

A. Ordering the Defendant to immediately reinstate Plaintiff to his formerly held

position with Defendant that is commensurate with his skills and experience, and to treat Plaintiff's employment as having been continuous as of the date Plaintiff was initially employed by the Defendant;

B. Ordering the Defendant to pay to Plaintiff the wages and other compensation lost, along with interest;

C. Ordering the Defendant to pay to Plaintiff the compensatory and punitive damages incurred as a result of its acts of discrimination, in the sum of one hundred and fifty thousand dollars ($150,000.00);

D. Ordering the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's willful conduct; and

E. Awarding to Plaintiff such other relief as this Court deems proper.

### COUNT II – BREACH OF CONTRACT

1-24. Plaintiff realleges Paragraphs 1-24 of Count I as Paragraphs 1-24 of this Count II.

25. The termination of the Plaintiff from his employment with the Defendant constituted a breach of contract.

26. The termination of the Plaintiff from his employment with the Defendant caused him to suffer a loss of wages and other compensation.

27. The termination of the Plaintiff from his employment with the Defendant caused Plaintiff great mental anguish, humiliation, anxiety, and other emotional and psychological distress.

28.     Plaintiff is entitled to the recovery of compensatory and consequential damages in the sum of one hundred and fifty thousand dollars ($150,000.00).

WHEREFORE, Plaintiff asks that judgment be entered against Defendant as follows:

A. Ordering the Defendant to immediately reinstate Plaintiff to his formerly held position with Defendant that is commensurate with his skills and experience, and to treat Plaintiff's employment as having been continuous as of the date Plaintiff was initially employed by the Defendant;

B. Ordering the Defendant to pay to Plaintiff the wages and other compensation lost, along with interest;

C. Ordering the Defendant to pay to Plaintiff the compensatory and consequential damages incurred as a result of its actions, in the sum of one hundred and fifty thousand dollars ($150,000.00);

D. Ordering the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's unlawful conduct; and

E. Awarding to Plaintiff such other relief as this Court deems proper.


PLAINTIFF DEMANDS A TWELVE (12) PERSON JURY TRIAL

                                                Respectfully submitted,

                                                JULIAN ACHIM

                                 By:     __/s/ Anthony J. Peraica_____
                                      ONE OF HIS ATTORNEYS

ANTHONY J. PERAICA, ARDC NO.: 6186661
JAY VERDUGO, ARDC NO.: 6295526
ANTHONY J. PERAICA & ASSOCIATES, LTD.
ATTORNEYS FOR PLAINTIFF
5130 SOUTH ARCHER AVENUE
CHICAGO, ILLINOIS  60632
773-735-1700